## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JORGE MARIO MARROQUIN-MARROQUIN,** | **Civil Action No. 25-19081 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **DAREN K MARGOLIN, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Jorge Mario Marroquin-Marroquin, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey ("Delaney Hall").  (ECF No. 1).

2.      Respondents Executive Office for Immigration Review Director Daren K Margolin, Department of Homeland Security ("DHS") Secretary Kristi Noem, Immigration and Customs Enforcement (ICE) Director Todd M. Lyons, ICE Executive Associate Director for Enforcement and Removal Operations Kenneth Genalo, and Assistant Newark Field Office Director Marlene Belluardo oppose the Petition.  (ECF No. 5).

3.      Petitioner is a citizen of Guatemala.  (ECF No. 1 ¶ 39).  He was admitted into the United States on a Nonimmigrant H2B Nonagricultural Temporary Worker visa on or about December 4, 2003.  (*Id.* ¶ 40).  He was authorized to stay in the United States until July 31, 2004.  (*Id.*)

4.      DHS commenced removal proceedings against Petitioner on or about March 3, 2010.  (*Id.* ¶ 41).  Petitioner was charged with removability pursuant to Immigration and

Nationality Act ("INA") § 237(a)(1)(B) for overstaying his visa.  (*Id.*); *see also* 8 U.S.C. § 1227(a)(1)(B).

5.      Petitioner filed an application for asylum and withholding of removal on December 22, 2010.  (ECF No. 1 ¶ 42).  An immigration judge sustained the removability charge.  (*Id.*)

6.      On June 24, 2022, the immigration judge granted Petitioner's application for withholding of removal to Guatemala pursuant to INA § 241(b)(3), 8 U.S.C. § 1231(b)(3).  (*Id.* at 30).  The judge did not reach Petitioner's application for withholding of removal pursuant to the Convention Against Torture ("CAT").  (*Id.*)

7.      ICE arrested Petitioner on December 8, 2025.  (*Id.* at 32-34).  On December 23, 2025, an immigration judge concluded Petitioner was subject to a final order of removal and denied bond for lack of jurisdiction.  (*Id.* at 37).

8.      Petitioner argues that the 90-day mandatory detention period expired on or about October 22, 2022, 90 days after the June 24, 2022 order became administratively final.  (*Id.* ¶ 56).  He asserts that he "is at most subject to supervision under regulations prescribed by the Attorney General, but not confinement."  (*Id.* ¶ 58).  He asks this Court to order his immediate release.  (*Id.* at 17).

9.      Respondents assert that Petitioner is still within the mandatory detention period pursuant to 8 U.S.C. § 1231(a)(2).  (ECF No. 5 at 2).

10.     Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when she "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

11.    Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has habeas jurisdiction over his claims.  *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

12.    The parties agree that the applicable statute is the statute governing post-final order of removal detention, 8 U.S.C. § 1231.[1]  (ECF No. 1 ¶ 57; ECF No. 5 at 2); *see Pina v. Castille*, No. 16-cv-4280, 2017 WL 935163, at *8 (D.N.J. Mar. 9, 2017) (holding § 1231(a) applied to withholding of removal case because "[w]ithholding of removal does not adjust the alien's status. As to removal, it affects not the question whether, but the question where.")

13.    Section 1231 states in relevant part that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."  8 U.S.C. § 1231(a)(1)(A).  This 90-day detention is mandatory.  *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most aliens may be released on bond or paroled.  After entry of a final removal order and during the 90-day removal period, however, aliens must be held in custody." (internal citation omitted)).

14.    ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where … there is no significant likelihood of removal

_____

[1] The June 24, 2022 order does not include language indicating that it is a final order of removal, (ECF No. 1 at 30); however, the Third Circuit has found in other circumstances that a decision on a noncitizen's "petition for asylum, withholding of removal, and relief under the CAT constitutes 'a final order of removal' within the meaning of the statute, as the alien is entitled to no further process before deportation."  *Shehu v. Att'y Gen. of U.S.*, 482 F.3d 652, 656 (3d Cir. 2007) (citing 8 U.S.C. § 1252(a)(1); 8 C.F.R. § 217.4(a)(1)).  This Court is persuaded by this reasoning and the parties' agreement that § 1231 is the governing statute.

in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas*, 533 U.S. at 701).

15.     Petitioner argues that he must be released because the 90-day removal period "elapsed years ago and [he] is not a flight risk or dangerous, but § 1231 does not mandate petitioner's release on that basis." *Liu v. Pittman*, No. 25-cv-16289, 2025 WL 2856081, at *2 (D.N.J. Oct. 8, 2025).

16.     "There is a distinction between mandatory detention during the 90-day removal period pursuant to § 1231(a)(1)(A) and permissible detention pursuant to § 1231(a)(6), which authorizes detention for a timeframe reasonably necessary to bring about that alien's removal from the United States." *Deshati v. Noem*, No. 25-cv-15940, 2025 WL 3204227, at *2 (D.N.J. Nov. 17, 2025) (cleaned up).  The presumptively permissible timeframe for post-removal-period detention is six months.  *Zadvydas*, 533 U.S. at 701.

17.     Petitioner was not taken into custody until December 2025.  "This is not a situation in which ICE has detained and released petitioner off-and-on over time, seemingly in an attempt to circumvent *Zadvydas*'s limitations.  Therefore, even if petitioner's 90-day removal period expired, 'the six-month presumptively reasonable period of detention under *Zadvydas* ... could not have begun until he was detained by ICE ... .'"  *Deshati*, 2025 WL 3204227, at *2 (quoting *Callender v. Shanahan*, 281 F. Supp. 3d 428, 435 (S.D.N.Y. 2017) (omissions in original)).  "This result is compelled not only by the language of *Zadvydas* but also by its logic." *Callender*, 281 F. Supp. 3d at 435.

18.     Noncitizens who are subject to prolonged detention may be entitled to a bond hearing should their detention become so prolonged as to become arbitrary, but Petitioner has currently been detained for just under two months.  This is far shy of the lengthy detention

generally necessary for mandatory detention to become arbitrary. *See, e.g., Tuser E. v. Rodriguez*, 370 F. Supp. 3d 435, 442-43 (D.N.J. 2019) (finding that detention had become arbitrary at twenty months). "Given the relatively short duration of Petitioner's detention thus far, Petitioner's current period of detention has not become so prolonged that it violates Due Process, and Petitioner's mandatory detention thus passes constitutional muster." *Faqirzada v. Rokosky*, No. 25-16639, 2026 WL 63614, at *3 (D.N.J. Jan. 8, 2026).

19.    Accordingly, this Court concludes that any challenge to Petitioner's § 1231 detention is premature and must be dismissed. *See, e.g., Fabian A. v. Dep't of Homeland Sec.*, No. 21-cv-1384, 2021 WL 3486905, at *2 (D.N.J. Aug. 9, 2021) ("Petitioner's challenge to the length of his detention is therefore premature and provides no basis for habeas relief."); *Alan Abiel Islas O. v. Green*, No. 18-cv-08020, 2018 WL 10562958, at *2 (D.N.J. Sept. 13, 2018) ("Accordingly, Petitioner's complaints regarding his post-removal order detention are premature, and the Petition shall be dismissed without prejudice on that basis.")

20.    The Petition is dismissed without prejudice, and any restrictions on Petitioner's location will be lifted.

21.    An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: January 23, 2026